# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DESERT SUN ENTERPRISES LIMITED,<br>    Plaintiff,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION, *et al.*,<br>    Defendants. | Case No. 2:13-cv-01885-RFB-NJK<br><br>**ORDER**<br><br>Motion for Reconsideration |

## I. INTRODUCTION

Before the Court is Plaintiff's Motion for Reconsideration of Court's December 16, 2016 Order (ECF No. 85). For the reasons stated below, the Motion is denied. This Order incorporates by reference the Court's December Order. This Order also supplements that December Order with respect to factual findings and the legal reasoning of the holding.

## II. BACKGROUND

Plaintiff filed the Complaint on October 15, 2013. ECF No. 1. July 18, 2012. Defendant submitted its Motion for Summary Judgment on May 18, 2015. On February 11, 2014, the Plaintiff entered a stipulation of dismissal with prejudice as to Defendants International Brotherhood of Teamsters Local 631 and Southern Nevada Building and Construction Trades Council. ECF No.

40. The remaining defendant is therefore International Brotherhood of Electrical Workers Local Union 357 (Defendant). On June 6, 2014, Plaintiff filed a Motion for Summary Judgment. ECF No. 43. On July 10, 2014, Defendant filed a Counter-Motion for Summary Judgment. ECF No. 51. On December 16, 2016, the Court entered an Order granting Defendant's Motion for Summary Judgment and denying Plaintiff's Motion for Summary Judgment. ECF No. 80. Plaintiff filed the instant Motion for Reconsideration on January 19, 2017. ECF No. 85. The Court denied the Motion for Reconsideration in a minute order on September 30, 2017. This Order now clarifies the Court's reasoning.

### III. LEGAL STANDARD

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) (internal quotation and citation omitted). However, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation and citation omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Id.

### IV. DISCUSSION

Plaintiff argues that the Court erred by granting summary judgment to Defendant. It argues

that the Court misapplied the summary judgment standard when it credited Defendant's explanation of the purpose of the strike letter, rather than allowing a jury to make a fact-intensive inquiry regarding whether Defendant intended an impermissible secondary boycott in violation of 29 USC § 158(b)(4). Plaintiff's argument fails for a few reasons.

First, Plaintiff's argument fails because it does not adequately address the fact that the Court found that there was no secondary employer implicated in this case. Pursuant to Section 8(b)(4) of the National Labor Relations Act, a union may not use or threaten to use economic pressure against a neutral or "secondary" employer with the goal of getting the secondary employer to cease doing business with the "primary" employer – the employer with whom the union has a dispute. N.L.R.B. v. Ironworkers Local 433, 850 F.2d 551, 554 (9th Cir. 1988). The only instance where the Defendant potentially threatened to use economic pressure against a secondary employer in this case was when it sent a copy of the strike letter to the Las Vegas Convention and Visitors Authority (LVCVA). In its Order, however, the Court first found that LVCVA is not a secondary employer of Plaintiff for purposes of the statute and then explained that "*[e]ven assuming LVCVA were a secondary employer*, the Defendant's actions do not establish a secondary picket." ECF No. 80 at 8 (emphasis added).

Plaintiff has not persuaded the Court to reconsider its finding that LVCVA was not a secondary employer under 8(b)(4). Plaintiff argues that LVCVA was a secondary employer because the parties stipulated that LVCVA was a person for purposes of 8(b)(4) and because LVCVA "would have been harmed if the Teamsters refused to put in the show." ECF No. 85 at 10. This does not change the fact that LVCVA was not employing or doing business with Plaintiff, however. The parties stipulated that LVCVA "is a governmental entity that manages the LVCC that includes common-situs exhibition halls where employees dispatched by Respondent and other labor organizations perform work." ECF No. 43, Ex. 2. They also stipulated that it was Fern Exposition Services that contracted Plaintiff to perform electrical services work for the ABC Kids Show. Based on these stipulated facts, LVCVA was not actually engaged in any business with Plaintiff that Defendant could have been attempting to interfere with. Because LVCVA cannot properly be considered a secondary employer under the statute, Defendant could not have engaged

- 3 -

in a secondary boycott when it sent a copy of the strike letter to LVCVA.

Additionally, the Court previously found and still finds that the Plaintiff has not presented any undisputed or disputed evidence as to the alleged intent of the Defendant other than the strike letter. (And the letter does not, as explained previously, create a disputed issue as to improper intent.) Plaintiff argues that the Court's finding in the December Order that Davis' statements were "reflective of a general intent or goal to organize as many workers as possible in the region, rather than a statement targeting Plaintiff" was an improper credibility determination. Plaintiff misconstrues and misstates the Court's December Order. The Court's finding was in response to the Plaintiff's assertion that the language of the statements clearly established an intent to target Plaintiff. The Court found and finds that the language in Davis' statements does not plainly or unambiguously suggest an intent to target Plaintiff with the *particular strike or boycott at issue in this case*. Plaintiff cannot rely upon a general statement of an intent to organize—the central mission of a union—to establish a specific intent in relation to a specific secondary boycott or incident. Under this reasoning, all cases involving secondary boycotts where such general statements were made would always have to go trial for "credibility" determinations. In order to create a genuine issue of disputed fact, the Plaintiff has to present some evidence from which a jury could infer improper intent. The Court does not find that the Plaintiff has done so.

Furthermore, the Court rejects the Plaintiff's argument that the Court overlooked "numerous" arguments and evidence supporting a finding of a secondary boycott. Plaintiff has raised new untimely arguments that it did not previously raise, which it fails to point this out in this motion. For example, in the instant motion it argues that James Harmon, business representative of Teamsters 631, sought to encourage neutral employees not to come to work. This argument was never raised by Plaintiff in its prior submissions. Moreover, such evidence would not support a finding, disputed or otherwise, of IBEW—rather than Teamsters 631—engaging in improper conduct. In another example, Plaintiff argues that the strike letter in this case uses the term "sanction" and that this word has an implicit message to neutral actors consistent with the Ninth Circuit's ruling in Sherman Oaks Medical Arts Center, Ltd. V. Carpenters Local Union No. 1936, etc., 680 F.2d 594, 598 (9th Cir. 1982). This argument was also not previously raised before

this Court. Again, even if it had been, the "strike sanction" language used in this case and the term "sanctioned" in <u>Sherman</u> have different meanings; and, in Sherman there was evidence, unlike in this case, that the term "sanctioned" was used explicitly in conversations with neutral employees to discourage them from going to work. <u>Id.</u> The Court rejects Plaintiff's new arguments as untimely and waived, and the Court further rejects them as unpersuasive.

The Court also finds unpersuasive Plaintiff's argument regarding Defendant's alleged failure to reasonably investigate a disparity in area wages and benefits. To the extent it was not clear in the Court's previous order, the Court finds the following undisputed facts. The Court finds that representatives of the Defendant, IBEW, discovered through conversations with former CTS employees that CTS was paying its employees significantly below the Clark County prevailing wage for journeyman electrician wiremen and below the wage/benefit level paid to similar IBEW employees in the area. IBEW has regular and ongoing conversations with current and former journeyman electrician wiremen about prevailing wages/benefits in the respective area. CTS actually did pay, as acknowledged by the Plaintiff, a lower wage/benefit level to these same types of employees. IBEW would not have had access to any different information if it conducted a so-called "investigation" as alleged by the Plaintiff. IBEW had sufficient information to reasonably conclude that there was a significant disparity between the CTS wage/benefits paid and the range of prevailing wage/benefits paid in the area. The Court finds that IBEW's determination that CTS paid lower wages and benefits than was common in the area was based upon actual knowledge and an ongoing process of information gathering. Based upon these findings as well as the findings in the Court's December Order, the Court rejects the Plaintiff's argument.

/ / /

/ / /

/ / /

**V. CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration of Court's December 16, 2016 Order (ECF No. 85) is DENIED.

DATED: June 5, 2018.

_____
**RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE**